IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

CALVIN TANKESLY, JR.                )
                                    )
    v.                              )   NO.   1:20-00017
                                    )
ARAMARK SERVICES, INC., et al.      )

**TO:**   Honorable William L. Campbell, Jr., District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum and Order entered September 28, 2020 (Docket Entry No. 4), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to dismiss (Docket Entry No. 30) of Defendant Kevin Genovese, to which Plaintiff has responded in opposition. *See* Docket Entry Nos. 35-36. For the reasons set out below, the Court recommends that the motion be granted.

### I. BACKGROUND

Calvin Tankesley, Jr., ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Turney Center Industrial Complex ("Turney Center") in Only, Tennessee. On April 2, 2020, he filed this *pro se* and *in forma pauperis* lawsuit under 42 U.S.C. § 1983 against several defendants based on allegations that his federal constitutional rights have been violated at the Turney Center after his transfer there in

January 2019. *See* Complaint (Docket Entry No. 1). Plaintiff seeks damages, as well as any declaratory and injunctive relief to which he may be entitled, *id*. at 17, and requests a trial by jury.

Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff stated an arguable Eighth Amendment claim that he was not being fed nutritionally adequate meals and that he was not being provided with a prescribed medical diet and directed that process issue to: Defendant Aramark Services, Inc. ("Aramark"), a private corporation that provides meal services at the Turney Center; Aramark employees Daniel Powers ("Powers"), Ralph Adkinson ("Adkinson"), and David Breece ("Breece"); former Turney Center Warden Kevin Genovese ("Genovese"); and former Turner Center Associate Warden Stacy Oakes ("Oakes"). *See* Memorandum and Order at 6-9. The Court also found that Plaintiff alleged a potential First Amendment retaliation claim against Oakes but that Plaintiff must file an amended complaint that clarifies his allegations for the claim against Oakes. *Id*. at 9.[1] Plaintiff has filed the required amended complaint. *See* Amended Complaint (Docket Entry No. 23).

Plaintiff alleges that, in the wake of treatment for throat cancer in 2013 that resulted in extensive damage to his throat and the loss of his saliva glands, he was medically prescribed a "non-standard diet" while incarcerated due to the limited number of food items he can chew and swallow. *See* Complaint at 6. He asserts that his prescribed diet requires that he be provided with extra gravy, jelly, and butter, but that the Aramark Defendants refuse to serve these items to him at lunch and dinner and have, instead, served him a bland diet consisting of "ground

---

[1] Upon initial review, the Court dismissed Plaintiff's due process claims against two other defendants. *See* Memorandum and Order at 9-10.

2

processed meats, dry rice, dry noodles, apples, etc." *id*. at 10-11. Plaintiff asserts that his breakfasts typically comply with his prescribed diet but that he does not receive breakfasts that comply with the diet when the Turney Center is under lockdown, nor does he receive a breakfast meal at all on the weekends. *Id*. at 8 and 12.

Plaintiff contends that the failure of the Aramark Defendants to provide him with the medically prescribed diet has resulted in a lack of daily nutrition that has (1) caused him to suffer from medical issues such as weight loss, dizzy spells, light headedness, fatigue and seizures and (2) required that the medical staff provide him with supplemental nutrition on a daily basis. *Id*. at 8-9 and 12. He contends that Defendants Genovese and Oakes "continue to acquiesce their; criminal, illegal, and arbitrary conduct with full knowledge," *id*. at 6, that Genovese "with full knowledge of Plaintiff's injury continued to override favorable rulings of the grievance committee where the committee agreed with Plaintiff, instructing defendants Powers, Adkinson and Breece to comply with the medical non-standard diet." *id*. at 11, and that the individual Defendants "have made no attempt to remedy" the matter. *Id*. at 12.

Answers have been filed by Defendants Aramark, Powers, Adkinson, and Breece (hereinafter referred to collectively as "the Aramark Defendants") (Docket Entry No. 28) and Defendant Oakes (Docket Entry No. 32). In lieu of an answer, Defendant Genovese has filed the pending motion to dismiss.

## II. MOTION TO DISMISS AND RESPONSE

Defendant Genovese seeks dismissal from the action under Rule12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff fails to state a claim for relief against him. Genovese contends that the complaint fails to set out factual allegations showing that he had

3

sufficient personal involvement in the alleged wrongdoing to support a claim of personal liability against him. He argues that his supervisory duties as the Turney Center Warden at the time do not render him personally liable for the actions of the Aramark Defendants or of the staff who were involved in making decisions about Plaintiff's diet. Genovese contends that Plaintiff's claim is essentially based upon a theory of *respondeat superior*, which does not support a claim under 42 U.S.C. § 1983. Genovese also argues that his involvement in the grievance proceeding about Plaintiff's diet occurred more than one year prior to Plaintiff's lawsuit being filed and that Plaintiff's claim against him based on allegations that he overrode the grievance committee's recommendation is thus barred by the applicable one year statute of limitations. Finally, Defendant Genovese contends that Plaintiff's allegations fail to support a due process claim against him. *See* Memorandum in Support (Docket Entry No. 31).

In his response to the motion to dismiss, Plaintiff contends that his allegations that Genovese was aware of the issues Plaintiff was having with not receiving the medical diet, that Genovese overturned a grievance committee recommendation regarding the food served to Plaintiff, and that Genovese failed to intervene in the matter show sufficient personal involvement on the part of Genovese to support a claim for relief against him. *See* Plaintiff's Memorandum in Response (Docket Entry No. 36). Plaintiff further contends that, as the warden, Genovese was responsible for controlling and correcting unconstitutional conduct by the staff at the Turney Center once that conduct is brought to his attention. Plaintiff further contends that the grievance about his diet at issue was not finally resolved by the TDOC Commissioner's Office until April 10, 2019, and was not actually received by him until April 15, 2019, both of which occurred within a year prior to his filing of the instant action. *Id*. Finally, Plaintiff argues that, even though his due process claim against two prison officials was

4

dismissed upon initial review, Genovese still bears personal liability for failing to control and correct the wrongful conduct of the officials who Plaintiff alleges violated his due process rights. *Id.*[2]

In a reply, Genovese contends that Plaintiff's arguments against the motion to dismiss lack merit and that Plaintiff fails to show any basis other than *respondeat superior* for his claim against Genovese. *See* Reply (Docket Entry No. 37).

### III. STANDARD OF REVIEW

Defendant Genovese's Rule 12(b)(6) motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff must nonetheless provide factual grounds supporting his claims for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's factual allegations must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid*

---

[2] In his response, Plaintiff also argues that summary judgment should not be granted and that he has exhausted administrative remedies. However, Defendant Genovese does not seek summary judgment by his motion or raise the defense of failure to exhaust administrative remedies. Accordingly, the Court does not address either of these issues as a part of this Recommendation.

5

*v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## IV. ANALYSIS

For the purposes of resolving the motion to dismiss, the Court (1) presumes as true Plaintiff's allegations that he routinely did not receive a medically prescribed diet and suffered from a lack of nutrition because of the lack of appropriate food options and (2) presumes that his allegations are sufficient to show a violation of his Eighth Amendment rights. The question is whether Plaintiff has made sufficient factual allegations to sustain a claim of personal liability against Genovese for the unconstitutional conduct at issue. The Court finds that Plaintiff has not and that the motion to dismiss should be granted.

For a defendant to be held individually liable under 42 U.S.C. § 1983 there must be facts showing that the defendant was personally involved in some manner in the unconstitutional conduct at issue. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). A defendant's supervisory position and/or right to control other employees cannot form the basis for a claim of individual liability because the theory of *respondeat superior* does not support a claim under Section 1983. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Hays v. Jefferson Cnty.*, 668 F.2d 869, 872 (6th Cir.

1982). To survive the motion to dismiss, the plaintiff must set out factual allegations that the defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee*, *supra*; *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff does not allege that Genovese was personally involved in the decisions of what food was served to Plaintiff or was otherwise personally involved in meal preparation or food service at the Turney Center. Instead, Plaintiff's claim is that Genovese bears personal liability because he made a determination on Plaintiff's grievance about the meal issue that was not in agreement with the grievance committee's decision and that permitted the food staff to continue serving him meals that did not comply with the medical order. Plaintiff also argues that Genovese should bear personal responsibility for failing to control or correct wrongful behavior of the Turney Center staff. Plaintiff contends that Genovese's actions support a claim of constitutional liability against Genovese because they are sufficient to show the type of encouragement or acquiescence in the food service staff's alleged failure to provide constitutionally adequate prison meals.

Attachments to Plaintiff's complaint show that the prison grievance committee held a hearing on March 6, 2019, at which it heard Plaintiff's grievance about not receiving meals that were in compliance with the medically prescribed diet, considered the Aramark supervisor's response,[3] and reviewed evidence presented by Plaintiff. *See* Docket Entry No. 1-3 at 8. The

---

[3] Defendant Powers' response to the grievance was as follows, "We are following the diet order that was written by the TDOC dietician and agreed upon by the Aramark Dietician. The Order is written for a bland diet, at breakfast you are to get an additional 1/2 oz. of jelly or 1/2 oz. of margarine at lunch & lunch an additional 2 oz. of gravy and 3-4 slices of tomato (1/2 cup equivalent)." *See* Docket Entry No. 1-3 at 4.

7

grievance committee then made its response that "Aramark needs to comply with the standing order and provide proper nourishment, and provide foods that he can eat." *Id*. at 2. On March 13, 2019, Genovese disagreed with this response, stating "this diet is based on the food Aramark provides and what medical provides, therefore he is receiving the proper amount of calories per day." *Id*. Plaintiff unsuccessfully appealed the denial of his grievance to the TDOC Commissioner's Office. *Id*. at 1.

Plaintiff is incorrect in his contention that personal liability can be assessed against a supervisory official based on a theory of *respondeat superior*. The assertion that a defendant bears personal liability for civil rights violations committed by staff over which he has supervisory control is nothing more than an assertion of *respondeat superior* liability, which will not support a claim under Section 1983. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872 (6th Cir. 1982). There must be direct, active participation by a supervisor in causing the alleged unconstitutional conduct at issue for personal liability under Section 1983 to exist. *See Wingo v. Tennessee Dep't of Corr.*, 499 Fed.App'x 453, 455 (6th Cir. 2012).

Plaintiff attempts to support his claim with allegations that Genovese acquiesced or permitted the alleged unconstitutional conduct of the food service staff by his action as part of the grievance process. Under the law of the Sixth Circuit, however, a prison official whose only involvement in allegedly unconstitutional behavior is to deny or ignore a grievance or to fail to remedy the allegedly unconstitutional behavior upon being alerted to the behavior by a grievance generally cannot be held liable under Section 1983. *See Mitchell v. Hininger*, 553 Fed.App'x 602, 608 (6th Cir. 2014) ("The denial of a prisoner's grievance does not by itself support a § 1983 deliberate-indifference claim."); *Johnson v. Aramark*, 482 Fed.App'x 992, 993

8

Case 1:20-cv-00017   Document 42   Filed 04/09/21   Page 8 of 11 PageID #: 607

(6th Cir. 2012) ("the denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish liability under § 1983."); *Martin v. Harvey*, 14 Fed.App'x 307, 309-10 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Shehee*, 199 F.3d at 300 (where defendants' "only roles ... involve the denial of administrative grievances or the failure to act ... they cannot be liable under § 1983"); *Christy v. Lindamood*, 2020 WL 5652271 at *2 (M.D.Tenn. Sept. 23, 2020) (defendant was entitled to summary judgment on Section 1983 claim where his only role involved the denial of administrative grievances); *Vick v. Core Civic*, 329 F.Supp.3d 426, 449-50 (M.D.Tenn. 2018); *Wolfe v. Alexander*, 2014 WL 4897733 at *18 (M.D.Tenn. Sept. 30, 2014) (Sharpe, J.) (warden could not be found personally liable under Section 1983 for alleged unconstitutional activity based on plaintiff's argument that warden had a position of authority and was aware of complaints of alleged unconstitutional activity and was asked to intervene yet failed to intervene to prevent correctional officers from continuing the activity); *Ingram v. Hall*, 2009 WL 1971456 at *1 (M.D.Tenn. July 7, 2009) (Trauger, J.) (the plaintiff's allegations that defendants refused to intervene on his behalf despite his complaints to them of dietary problems was not sufficient to state a claim for relief).

If a prison grievance triggered a duty that could form the basis for constitutional liability whenever the responding official did not overturn the underlying wrong complained about, prison officials and administrators would essentially become potentially liable for all acts committed within the TDOC system that are the subject of an institutional grievance. Such a scenario is simply not consistent with the requirement of a showing of personal liability under Section 1983. *See Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Shehee*, 199 F.3d at 300; *Henry v. Pogats*, 35 F.3d 565, 1994 WL 462129 (6th Cir. Aug. 25, 1994) (unpublished) ("A

9

combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983.").

The Court has reviewed Plaintiff's complaint and allegations, as well as his response in opposition to the motion to dismiss and finds that Plaintiff fails to allege facts showing conduct by Genovese that would support a claim of personal liability under Section 1983 against him. Accordingly, Genovese is entitled to dismissal from this case.

Because Plaintiff fails to state a claim for relief against Genovese, it is unnecessary to address the alternative statute of limitations defense raised in the motion to dismiss. Further, the Court disposed of and dismissed Plaintiff's due process claim upon initial review and, thus, there is no plausible due process claim as against Genovese.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 30) of Defendant Kevin Genovese be GRANTED and that Defendant Kevin Genovese be DISMISSED from the action.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections

must be filed within fourteen (14) days after service of objections.  *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge