IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| CALVIN TANKESLY, JR. ) | |
| ) | |
| v.  ) | NO.   1:20-00017 |
| ) | |
| ARAMARK SERVICES, INC., et al. ) | |

**TO:   Honorable William L. Campbell, Jr., District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum and Order entered September 28, 2020 (Docket Entry No. 4), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is Plaintiff's motion for an injunction (Docket Entry No. 48).   For the reasons set out below, the undersigned respectfully recommends that the motion be denied.

## I. BACKGROUND

Calvin Tankesly, Jr., ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Southeastern Tennessee State Regional Correctional Facility in Pikeville, Tennessee ("STSRCF").   His *pro se* and *in forma pauperis* lawsuit was filed on April 2, 2020, seeking relief under 42 U.S.C. § 1983 for violations of his federal constitutional rights alleged to have been committed at the Turney Center Industrial Complex ("Turney

Center") in Only, Tennessee, where he was previously confined. *See* Complaint (Docket Entry No. 1).

The lawsuit primarily involves Plaintiff's Eighth Amendment claim that he was not being fed nutritionally adequate meals and was not being provided with a prescribed medical diet. *See* Memorandum and Order at 6-9. The defendants to this claim are: Aramark Services, Inc. ("Aramark"), a private corporation that provides meal services at the Turney Center; Aramark employees Daniel Powers ("Powers"), Ralph Adkinson ("Adkinson"), and David Breece ("Breece"); and former Turner Center Associate Warden Stacy Oakes ("Oakes").[1] Plaintiff also pursues a First Amendment retaliation claim against Oakes based on allegations that Oakes wrongfully placed Plaintiff in segregation, detrimentally interfered with Plaintiff's housing and job assignments, threatened to transfer him to a different and more dangerous TDOC facility, and took part in the denial of meals and a medical diet to Plaintiff. *See* Amended Complaint (Docket Entry No. 23). Defendants have filed answers, *see* Docket Entry Nos. 28 and 32, and a scheduling order has been issued. *See* Docket Entry No. 34.

## II. MOTION FOR AN INJUNCTION

Plaintiff seeks an injunction under Rule 65 of the Federal Rules of Civil Procedure to enjoin TDOC Commissioner Tony Parker, TDOC Classification Coordinator Brandon Maloney, Turney Center Warden Jason Clendenion, Turney Center Classification Coordinator Wendy James, and "their agents servants, employees and person [herein defendants]" from taking retaliatory action against Plaintiff, including transferring him to another TDOC facility. *See*

---

[1] Former Turney Center Warden Kevin Genovese ("Genovese") was also a defendant to this claim, but he was recently dismissed from the case upon his motion. *See* Order entered June 11, 2021 (Docket Entry No. 50).

Motion at 1. Plaintiff states that, in late May 2021, he was reclassified for a transfer from the Turney Center to the STSRCF despite having had an annual reclassification three months earlier during which a transfer was not planned. He asserts that no penological purpose supports that transfer and that TDOC officials have a history of transferring him, and other inmates, because they file lawsuits against prison officials. He contends that the transfer is an additional act of retaliation against him because of his filing of the instant lawsuit and is intended to hinder his ability to prosecute his lawsuit by separating him from witnesses. Plaintiff supports his motion with his own affidavit (Docket Entry No. 48-1) and with a memorandum of law (Docket Entry No. 49). In a change of address notice, Plaintiff states that the transfer ultimately took place on June 2, 2021. *See* Docket Entry No. 51).

No response to the motion has been filed on behalf of Defendants.

### III. ANALYSIS

Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders. Pre-trial injunctive relief is considered a preventive, prohibitory, or protective measure taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and is extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" such injunctive relief. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat'l Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff's motion for preliminary injunctive relief should be denied. Initially, Plaintiff has not demonstrated a strong or substantial likelihood of success on the merits of his action. *NAACP v. City of Mansfield,* 866 F.2d 162, 167 (6th Cir. 1989. At this early point in the litigation, his likelihood of success on his claim is no greater than that of Defendants. Furthermore, the relief requested by Plaintiff is directed at individuals who are not parties to this action. Injunctive relief generally cannot be directed at individuals who are not defendants in a case. *See In re N.A.A.C.P.*, 849 F.2d 1473 (Table), 1988 WL 61504 at *3 (6th Cir. June 13, 1988) (noting that a court's decree is generally only binding on parties). The events about which Plaintiff complains are also unrelated to the actual claims in this case. A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010). Such a link is missing. The balancing of harms required by the third factor also does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Finally, absent extraordinary and urgently compelling reasons, the Court will not intervene in the day-to-day operations in a correctional facility, such as inmate classification and housing decisions. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984). Such reasons have not been shown by Plaintiff.

4

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Plaintiff's motion for an injunction (Docket Entry No. 48) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge