## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| **CALVIN TANKESLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 1:20-cv-00017** |
| | ) | |
| **ARAMARK SERVICES, INC. et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE HOLMES** |
| **Defendants.** | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 107), which was filed on March 2, 2022. Through the Report and Recommendation, the Magistrate Judge recommends that the motion for summary judgment filed by Defendants Aramark Services, Inc., Daniel Powers, and David Breece (collectively the "Aramark Defendants") (Doc. No. 60) be denied, and that the motion for summary judgment filed by Defendant Stacy Oakes be granted in part or denied in part. The Aramark Defendants filed objections. (Doc. No. 112). For the reasons discussed below, the Magistrate Judge's Report and Recommendation will be adopted and approved.

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting

the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

As an initial matter, the Court notes that the objections which failed to identify an error by the Magistrate Judge in making her determination, (Doc. No. 112 ¶¶ 1, 6, 7), do not provide a basis to reject or modify the Report and Recommendation because objections that do not identify an error are meritless. *See Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, the Court will turn to the remaining objections:

The Aramark Defendants object to the Report's conclusion that Plaintiff's lawsuit can proceed despite their evidence of Plaintiff's weight gain. (Doc. No. 112). The Aramark Defendants do not argue that the Magistrate Judge erred in her statement of the law. They argue that the Magistrate Judge erred in reaching this conclusion because there is evidence in the record that the Tennessee Department of Corrections ("TDOC") has a policy stating that a therapeutic diet may include nutritional supplements. (*See* Doc. Nos. 112, 113 (citing Doc. No. 62-7 at 5)). The existence of the foregoing evidence in the record does not establish that the Magistrate Judge erred in her determination that "one reasonable reading of the evidence is that the food Plaintiff was served at the Turney Center was nutritionally deficient for his unique needs and that nutritional supplements were required for him to maintain adequate human nutrition." (*See* Doc. No. 107 at 14). Nor does it undermine her conclusion that genuine issues of material fact exist as to Plaintiff's Eighth Amendment claim.

The Aramark Defendants object to the Report's statement that they did not produce testimony from a medical provider who treated Plaintiff to show that the meals served to Plaintiff complied with his therapeutic diet orders and provided him with the level of nutrition required by the Eighth Amendment. (Doc. No. 112 ¶ 3). They submit that the foregoing statement is erroneous

because their motion for summary judgment referenced documents from the Tennessee Department of Corrections Dietician. (*See* Doc. No. 112 ¶ 3(a); Doc. No. 113 at 3-4. The Aramark Defendants fail to explain how this statement undermines the Magistrate Judge's conclusion that genuine issues of fact exist on this issue given Plaintiff's introduction of affirmative evidence in his response in opposition.

The Magistrate Judge found that a genuine issue of material fact exists as to whether the meals served to Plaintiff consistently complied with his therapeutic orders based on the evidence in the record showing that (1) Plaintiff's therapeutic diet orders required him to receive a "bland diet" or a "non-standard diet" at various times, and (2) that Aramark provided Plaintiff with a "bland diet" during times when the therapeutic diet orders required him to be served a "non-standard diet." The Aramark Defendants take issue with the Report's statement regarding "bland" and "non-standard diets" on the basis that "[t]here is no dispute in the record as to the diet Plaintiff was prescribed and of the meaning of the terms used to identify the therapeutic diet menus." (Doc. No. 113 at 5; Doc. No. 112 ¶ 4 (citing Doc. No. 107 at 15)). This objection is beside the point as the Magistrate Judge did not find a dispute of fact as to the diet that Plaintiff was prescribed or the meaning of the terms identifying therapeutic diet menus. (*See* Doc. No. 107 at 18 ("the Court has already determined that factual questions exist as to whether Aramark did, in fact, follow Plaintiff's therapeutic diet orders and whether it actually served Plaintiff a 'non-standard diet.'")).

The Magistrate Judge found that there is evidence "in the Plaintiff's medical records suggesting that there was push-back regarding medically suggested or ordered dietary recommendations for Plaintiff at the Turney Center. *See* Docket Entry No. 62-10 at 2 ('There is resistance to providing the recommended dietary changes for this i/m. I am told he is not able to receive the previous changes provided when here'); Docket Entry No. 62-6 at 8." (Doc. No. 107

at 18). Aramark objects to foregoing statement in the Report on the basis that other evidence in the record indicates that Aramark complied with standing diet orders. (Doc. No. 112 at 6 (citing Doc. No. 62-10 at 1); Doc. No. 113 at 5 (citing Doc. No. 62-10 at 1)). However, that there are competing facts in the record concerning Aramark's compliance with Plaintiff's therapeutic diet orders does not render the Magistrate's above finding erroneous.

Having reviewed the Report and Recommendation and considered the Aramark Defendants' objections, the Court concludes that the Report and Recommendation (Doc. No. 107) should be adopted and approved. Accordingly, the Aramark Defendants' motion for summary judgment (Doc. No. 60) is **DENIED**, and Defendant Oakes' motion for summary judgment (Doc. No. 63) is **GRANTED** with respect to Plaintiff's First Amendment retaliation claim and **DENIED** with respect to Plaintiff's Eighth Amendment claim.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE