IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

CALVIN TANKESLY, JR.           )
                               )
    v.                         )   NO.   1:20-00017
                               )
ARAMARK SERVICES, INC., et al. )

**TO:    Honorable William L. Campbell, Jr., District Judge**

R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum and Order entered September 28, 2020 (Docket Entry No. 4), this *pro se* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings. Presently pending is Plaintiff's motion for an emergency preliminary injunction and/or a temporary restraining order (Docket Entry No. 116). For the reasons set out below, the undersigned respectfully recommends that the motion be denied.

Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC"). He filed this lawsuit on April 2, 2020, seeking relief for violations of his federal constitutional rights alleged to have been committed at the Turney Center Industrial Complex ("Turney Center") in Only, Tennessee, where he was confined at the time he filed the lawsuit. *See* Complaint (Docket Entry No. 1). In June 2021, he was transferred to the Southeastern Tennessee State Regional Correctional Facility ("STSRCF") (also referred to as "Bledsoe") in Pikeville, Tennessee, where he is currently confined.

Given the extensive proceeding that have occurred, the Court presumes the parties' familiarity with the case and shall not summarize the background of the case. As the case currently stands, Defendants' motions for summary judgment were largely denied, leaving Plaintiff's Eighth Amendment claims ready to be set for trial. *See* Order entered March 28, 2022

(Docket Entry No. 114). Although the parties attempted mediation, the case was not resolved through a settlement. *See* Docket Entry Nos. 139 and 140. A trial date in the case has not yet been scheduled.

## I. PLAINTIFF'S MOTION FOR AN INJUNCTION

Plaintiff seeks to enjoin unnamed prison officials from transferring him from the STSRCF. Plaintiff states that he was told by a staff counselor in May 2022 that he was going to be transferred to one of two other facilities that are operated by a private prison contractor. Plaintiff alleges that both facilities have a history of poor treatment of inmates and a lack of security, that no penological purpose supports the transfer, and that TDOC officials have a history of transferring him, and other inmates, because they engage in protected activity and file lawsuits against prison officials. Plaintiff contends that moving him from the STSRCF would be an act of retaliation against him because of his filing of the instant lawsuit. He alleges that the proposed move is intended to hinder his ability to prosecute his lawsuit and that he fears for his safety and his continued medical care if he is transferred to one of the proposed facilities. Plaintiff supports his motion with his own affidavit (Docket Entry No. 117) and a supplemental memorandum (Docket Entry No. 120). Defendants have not filed a response to the motion.

## II. ANALYSIS

Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders.[1] Pre-trial injunctive relief is considered a preventive, prohibitory, or protective measure taken

---

[1] Plaintiff also refers to Local Administrative Order 177 as a basis for his motion. By its own terms, however, Administrative Order 177 applies only when a motion for a temporary restraining order is filed in conjunction with the filing of a new case, which is not the situation at hand.

pending resolution on the merits. *See Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956). It is also extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" such injunctive relief. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat'l Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff's motion for preliminary injunctive relief should be denied. As to the first factor of the likelihood of success on the merits, this factor can be viewed somewhat positively in favor of Plaintiff given that this case has survived a request for summary judgment by Defendants. However, Plaintiff has not made a persuasive showing that he will suffer irreparable harm if the requested injunction is not granted. Plaintiff has not actually been transferred from the STSRCF during the eight months that have passed since he filed his motion.[2] Further, the dire consequences Plaintiff alleges will occur if he is transferred are speculative and unproven. The balancing of harms required by the third factor also does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Absent extraordinary

---

[2] Although Plaintiff has been temporarily transferred from the STSRCF for medical visits, his motion seeks to prevent a permanent housing transfer from the STSRCF.

and urgently compelling reasons, the Court will not intervene in the day-to-day operations in a correctional facility, such as inmate classification and housing decisions. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988) (setting forth various public policy concerns relating to court intrusion into prison administrative matters and holding that a federal court should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"); *Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir. 1984) (noting that federal restraint into intrusion of a state penal institution is counseled); *Griffin v. Berghuis*, 563 Fed. App'x 411, 417-18 (6th Cir. 2014) (citing *Turner v. Safley*, 482 U.S. 78, 82 (1987)) (decisions concerning the administration of prisons are vested in prison officials in the absence of a constitutional violation, and any interference by the federal courts in that activity is necessarily disruptive). Such reasons have not been shown by Plaintiff.

Finally, the Defendants in this action are not the prison officials who would be constrained by the injunction requested by Plaintiff. Injunctive relief generally cannot be directed at individuals who are not defendants in a case. *See In re N.A.A.C.P.*, 849 F.2d 1473 (Table), 1988 WL 61504 at *3 (6th Cir. June 13, 1988) (noting that a court's decree is generally only binding on parties).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Plaintiff's motion for emergency injunctive relief (Docket Entry No. 116) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule

72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                Respectfully submitted,

                _____
                BARBARA D. HOLMES
                United States Magistrate Judge