IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| CALVIN TANKESLY, JR. ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | NO. 1:20-cv-00017 |
| ) | |
| ARAMARK SERVICES, INC. et al., ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE HOLMES |
|    Defendants. ) | |

**ORDER**

Pending before the Court is Magistrate Judge Holmes' Report and Recommendation (Doc. No. 148) that Plaintiff's motion for injunctive relief (Doc. No. 116) be denied. On January 27, 2023, the Court received a *pro se* filing from Plaintiff entitled "Appeal of Magistrate Judge Holmes R&R (Doc. #147, #148) with Supporting New Developments/Additional Facts" (Doc. No. 150), which the Court construes as a timely motion for review of Judge Holmes' Order (Doc. No. 147) that denied Plaintiff's motion to revisit (Doc. No. 142) his June 2021 motion for injunctive relief, and as a timely filed objection to the pending Report and Recommendation.

## I.    STANDARDS OF REVIEW

The Court will reverse or modify a non-dispositive ruling from the Magistrate Judge only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*.

(quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. BACKGROUND

Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC"). He filed this lawsuit on April 2, 2020, seeking relief for violations of his federal constitutional rights alleged to have been committed at the Turney Center Industrial Complex ("Turney Center"), where he was confined at the time. (*See* Doc. No. 1). The lawsuit primarily involves Plaintiff's Eighth Amendment claim that he was not being fed nutritionally adequate meals and was not being provided with a prescribed medical diet.

On June 1, 2021, the Court received Plaintiff's *pro se* motion for injunctive relief and supporting memorandum. (Doc. Nos. 48, 49). Through the motion, Plaintiff sought to enjoin TDOC Commissioner Tony Parker, TDOC Classification Coordinator Brandon Maloney, Turney Center Warden Jason Clendenion, Turney Center Classification Coordinator Wendy James, and their agents, servants, and employees from taking retaliatory action against him, including transferring him to another TDOC facility. On June 2, 2021, Plaintiff was transferred to the Southeastern Tennessee State Regional Correctional Facility ("STSRCF") (also referred to as "Bledsoe" and "BCCX") in Pikeville, Tennessee, where he is currently confined. (*See* Doc. No. 51; Doc. No. 148).

On June 30, 2021, Judge Holmes issued a Report and Recommendation (Doc. No. 53), recommending that Plaintiff's June 2021 motion for injunctive relief be denied. Plaintiff filed objections to the Report and Recommendation. (Doc. No. 55). On November 15, 2021, the Court received Plaintiff's *pro se* motion to revisit his June 2021 motion for injunction. (*See* Doc. Nos.

2

81, 82). On December 6, 2021, the Court adopted and approved the Report and Recommendation (Doc. No. 53) and denied Plaintiff's June 1st motion for injunctive relief (Doc. Nos. 48, 49) and Plaintiff's motion to revisit (Doc. Nos. 81, 82). (*See* Doc. No. 85).

On May 16, 2022, the Court received Plaintiff's *pro se* motion for emergency preliminary injunction and/or temporary restraining order. (Doc. No. 116). On November 30, 2022, the Court received Plaintiff's *pro se* motion to revisit his June 2021 motion for injunction. (Doc. No. 142). On January 6, 2023, Judge Holmes denied Plaintiff's motion to revisit (Doc. No. 147) and issued the pending Report and Recommendation that Plaintiff's May 2022 motion for injunctive relief (Doc. No. 116) be denied.

### III. ANALYSIS

#### A. Motion for Review

Plaintiff's motion for review (Doc. No. 150) is **GRANTED**. The Court has reviewed Plaintiff's motion (Doc. No. 142), Judge Holmes' Order (Doc. No. 147), and the file. The Court finds that Judge Holmes' ruling on Plaintiff's motion is neither clearly erroneous nor contrary to law. Accordingly, Judge Holmes' Order (Doc. No. 147) denying Plaintiff's motion to revisit his June 2021 motion for injunction is **AFFIRMED**.

#### B. Objection to Report and Recommendation

Plaintiff's May 2022 motion for injunctive relief (Doc. No. 116) seeks to enjoin unnamed prison officials from transferring him from STSRCF. As noted by Judge Holmes,

> Plaintiff states that he was told by a staff counselor in May 2022 that he was going to be transferred to one of two other facilities that are operated by a private prison contractor. Plaintiff alleges that both facilities have a history of poor treatment of inmates and a lack of security, that no penological purpose supports the transfer, and that TDOC officials have a history of transferring him, and other inmates, because they engage in protected activity and file lawsuits against prison officials. Plaintiff contends that moving him from the

> STSRCF would be an act of retaliation against him because of his filing of the instant lawsuit. He alleges that the proposed move is intended to hinder his ability to prosecute his lawsuit and that he fears for his safety and his continued medical care if he is transferred to one of the proposed facilities.

(Doc. No. 148 at 2). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat'l Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Judge Holmes conducted the following analysis concerning Plaintiff's requested injunction:

> As to the first factor of the likelihood of success on the merits, this factor can be viewed somewhat positively in favor of Plaintiff given that this case has survived a request for summary judgment by Defendants. However, Plaintiff has not made a persuasive showing that he will suffer irreparable harm if the requested injunction is not granted. Plaintiff has not actually been transferred from the STSRCF during the eight months that have passed since he filed his motion. Further, the dire consequences Plaintiff alleges will occur if he is transferred are speculative and unproven. The balancing of harms required by the third factor also does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Absent extraordinary and urgently compelling reasons, the Court will not intervene in the day-to-day operations in a correctional facility, such as inmate classification and housing decisions. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988) (setting forth various public policy concerns relating to court intrusion into prison administrative matters and holding that a federal court should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"); *Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir. 1984) (noting that federal restraint into intrusion of a state penal institution is counseled); *Griffin v. Berghuis*, 563 Fed. App'x 411, 417-18 (6th Cir. 2014) (citing *Turner v. Safley*, 482 U.S. 78, 82 (1987)) (decisions concerning the administration of prisons are vested in prison officials in the absence of a constitutional violation, and any interference by the federal courts in that activity is necessarily disruptive). Such reasons have not been shown by Plaintiff.

> Finally, the Defendants in this action are not the prison officials who would be constrained by the injunction requested by Plaintiff. Injunctive relief generally cannot be directed at individuals who are not defendants in a case. *See In re N.A.A.C.P.*, 849 F.2d 1473 (Table), 1988 WL 61504 at *3 (6th Cir. June 13, 1988) (noting that a court's decree is generally only binding on parties).

(Doc. No. 148 at 3-4) (footnote omitted). Plaintiff's objection (Doc. No. 150) does not directly challenge the reasoning of the Report and Recommendation. Instead, Plaintiff alleges that, on or about January 6, 2023, his unit and cell placement were reassigned and many of his commissary purchases were thrown away in retaliation for documenting denials of his medical or nutritional needs. Plaintiff has not demonstrated that the alleged factual developments undermine Judge Holmes' foregoing analysis or otherwise provide a basis to reject or modify the Report and Recommendation. Thus, Plaintiff's objection does not provide a basis to reject or modify the Report and Recommendation.

Having reviewed the Report and Recommendation and considered Plaintiff's objection, the Court concludes that the Report and Recommendation (Doc. No. 148) should be adopted and approved. Accordingly, Plaintiff's motion for injunctive relief (Doc. No. 116) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE